STEVEN WHITFIELD
305 Oakdale Drive
Bakersfield, California 93309
Telephone (323) 332-7579
IN PRO PER

RECEIVED JUN 02 2014 CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA BY _____ DEPUTY CLERK

FILED JUN 02 2014 CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF CALIFORNIA
AT FRESNO

| | |
|---|---|
| STEVEN WHITFIELD<br><br>  Plaintiff<br><br>V.<br><br>BOWMAN ASPHALT COMPANY INC.,<br><br>GARY BOWMAN, as a Partner of<br><br>BOWMAN ASPHALT COMPANY, INC.<br><br>Does 1 to 25<br><br>  Defendants | Case No.: 1:14 CV - 00829 JLT<br><br>Complaint for Lawsuit<br>Civil Rights Violations<br><br>Title 42 U.S.C. Sections 1983,<br>1986 and 1985 subd.(3) |

DEMAND FOR JURY TRIAL

1. Plaintiff STEVEN WHITFIELD, brings this action against defendants BOWMAN ASPHALT COMPANY, INC. GARY BOWMAN, in his capacity as owner and/or partner of BOWMAN ASPHALT COMPANY INC.

2. Defendants, BOWMAN ASPHALT COMPANY INC., is privately owned business concerns doing business in the State of California.

3. Defendant GARY BOWMAN , is owner and/or partner of the business concern herein described as BOWMAN ASPHALT COMPANY INC.

4. This action is brought pursuant to Title 42 U.S.C. Section 1983, 1986 and 1985 subd.(3). The court has jurisdiction pursuant to Title 28 U.S.C. Section 1331, 1343 (3) (4) and the aforementioned statutory and constitutional provisions.

STATUS REPORT

- 1

5. The amount in controversy exceeds $10,000.00 and costs and interest.

6. During the year 2013, defendant BOWMAN ASPHALT COMPANY INC., successfully submitted bids to the City of Bakersfield for a 'repaving project' on Martin Luther King Boulevard ( hereinafter MLK Blvd.).

7. During the same year had occasion to be on MLK Blvd. and was existing a local convenience store on MLK Blvd. when suddenly and without warning plaintiff was splashed and/or spayed with the deleterious matter that was being maintain and thrusted about by defendants instrumentalities, namely, defendant 'street sweepers' instrumentalities of owned and operated by workmen or employees of BOWMAN ALSPHALT COMPANY INC.

8. Plaintiff sustained burns and scaring of various areas of his body as a direct and proximate result of defendants acts or omissions to act.

9. Plaintiff further alleges that defendant GARY BOWMAN, either knew or had reasonable cause to know that the City of Bakersfield applicant qualification for a driver of 'street sweeper' required a Class B license from the California Department of Vehicles.

10. Plaintiff further alleges that although BOWMAN ALSPHALT COMPANY INC. and GARY BOWMAN, as partner of BOWMAN ASPHALT COMPANY INC. acted "under color of law" in that the activities were inextricably intertwined with basic municipal duties of maintaining the public streets and by-ways as described in this complaint satisfies both the 'public function test" and/or the 'symbiotic relationship test'

11. As direct and proximate result of defendants' "gross negligence" and wanton and reckless disregard for plaintiff and the public at-large plaintiff has sustained injury to his person, in violation of the fourth amendment to the United States Constitution to be secure in his person.

12. Plaintiff alleges that defendant conduct violated his rights secured by United States Code Sections 1983, 1986 and 1985 subd. (3).

13. Plaintiff realleges each and every foregoing allegation and asserts that defendants and asserts a Pendent Law Claim under California Civil Code Section 1714 against named defendants in this action.

14. Plaintiff seeks damages in the amount of $15,000.00 against defendant and each of them.

15. Such further and other relief deemed proper and just.

Dated: May 29, 2014

Respectfully submitted,

Steven Whitfield, In Pro Per