1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | STEVEN WHITFIELD,  ) Case No.: 1:14-cv-00829 - ---- - JLT

12 |       Plaintiff, ) ORDER GRANTING PLAINTIFF'S MOTION

13 |     v. ) TO PROCEED IN FORMA PAUPERIS AND

14 | BOWMAN ASPHALT COMPANY, INC., et al., ) DISMISSING COMPLAINT WITH LEAVE TO AMEND

15 |       Defendants. )

16 | _____ )

17        Steven Whitfield ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action for

18 violations of 42 U.S.C. §§ 1983, 1985, and 1986 against Bowman Asphalt Company, Inc. and Gary

19 Bowman.  (Docs. 1-2.)  Because Plaintiff has not stated facts sufficient to support his claims, the

20 complaint is **DISMISSED** with leave to amend.

21 **I.        Motion to proceed in forma pauperis**

22        The Court may authorize the commencement of an action without prepayment of fees when an

23 individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and]

24 that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

25 has reviewed the affidavit, and determined Plaintiff's application satisfies the requirements of 28

26 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

27 **II.       Screening Requirement**

28        When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and

1  shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the

2  action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . .

3  seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A

4  claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible,

5  whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*,

6  504 U.S. 25, 32-33 (1992).

7  **III.    Pleading Standards**

8          General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

9  pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short

10  and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the

11  relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P.

12  8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less

13  stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

14          A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and

15  succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a

16  plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534

17  U.S. 506, 512 (2002).  The Supreme Court noted,

18          Rule 8 does not require detailed factual allegations, but it demands more than an
            unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers
19          labels and conclusions or a formulaic recitation of the elements of a cause of action will
            not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further
20          factual enhancement.

21  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

22  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d

23  266, 268 (9th Cir. 1982).  The Court clarified further,

24          [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim
            to relief that is plausible on its face." [Citation]. A claim has facial plausibility when
25          the plaintiff pleads factual content that allows the court to draw the reasonable
            inference that the defendant is liable for the misconduct alleged. [Citation]. The
26          plausibility standard is not akin to a "probability requirement," but it asks for more than
            a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint
27          pleads facts that are "merely consistent with" a defendant's liability, it "stops short of
            the line between possibility and plausibility of 'entitlement to relief.'
28

2

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pleaded, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Discussion and Analysis**

Plaintiff asserts that during 2013, Bowman Asphalt Company, Inc. "successfully submitted bids to the City of Bakersfield for a 'repaving project' on Martin Luther King Boulevard."  (Doc. 1 at 2.) Plaintiff alleges that "[d]uring the same year,[1] he was walking on Martin Luther King Boulevard "when suddenly and without warning [he] was splashed and/or sprayed with the deleterious matter that was being maintain[ed] and thrusted about by defendants (sic) instrumentalities."  (*Id.*)  Plaintiff asserts that "workmen or employees" of Bowman Asphalt Company were operating street sweepers that caused the matter to hit him.  (*Id.*) According to Plaintiff, as a result of their actions, he "sustained burns and scaring of various parts of his body."  (*Id.* at 2.)

Based upon these facts, Plaintiff contends Defendants are liable for a violation of his Fourth Amendment right "to be secure in his person."  (Doc. 1 at 2.)  In addition, Plaintiff asserts defendants are liable for violations of 42 U.S.C. §§ 1985 and 1986.

**A.     Section 1983 Claims**

Plaintiff seeks to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  An individual may bring a civil rights action pursuant to Section 1983, which provides:

---

[1] Plaintiff provides no other information regarding when the events occurred.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

Here, Plaintiff asserts the defendants "acted 'under color of law'" as is required to state a claim under Section 1983.  Significantly, however, "private parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991); *see also Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes.").  Consequently, the Ninth Circuit explained that "[w]hen addressing whether a private party acted under color of law, we . . . start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

 "Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity," and, as a result, the Court must examine whether Plaintiff has sufficiently plead facts to support the allegation that Defendants were state actors.  *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citations omitted).  The Supreme Court has identified four tests to determine whether a private individual's actions implicate state action: (1) the public function test, (2) the joint action test, (3) the state compulsion test, and (4) the governmental nexus test.  *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997).

### 1.      The public function test

The public function test inquires whether the private actor performs a public function that is "traditionally the exclusive prerogative of the state."  *Parks School of Bus., Inc. v Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995).  Plaintiff alleges this test is satisfied because "the activities were inextricably intertwined with basic municipal duties of maintaining the public streets and by-ways…" (Doc. 1 at 2.)  However, Plaintiff has not established the company was a state actor, even if

1    maintenance of the street is traditionally exclusively reserved to the state, "because an entity may be a

2    State actor for some purposes but not for others." *Lee v. Katz*, 276 F.3d 550, 555 n.5 (9th Cir. 2002)

3    (internal quotation marks and alteration omitted).  Further, there are no allegations that Gary Bowman

4    was involved in any manner with the incident that caused Plaintiff to be sprayed.  Therefore, the facts

5    alleged are insufficient to demonstrate the defendants had, in essence, "become the government" to

6    satisfy the public function test.  *See id.*

7                    2.      *The joint action test*

8            The Supreme Court explained, "Private persons, jointly engaged with state officials in the

9    prohibited action, are acting 'under color' of law for purposes of the statute.  To act 'under color' of

10   law does not require that the accused be an officer of the State.  It is enough that he is a willful

11   participant in joint activity with the State or its agents." *Lugar v. Edmonson Oil Co.*, 456 U.S. 922,

12   941 (1982) (citation omitted).  The test examines whether a state has "'so far insinuated itself into a

13   position of interdependence with the private actor that it must be recognized as a joint participant in

14   the challenged activity." *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d

15   503, 607 (9th Cir. 1989) (citing *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961)).

16   The allegation that the defendants contracted with the government is insufficient to satisfy the joint

17   action test.  *See Ledet v. Cal. Waste Solutions, Inc.,* 2013 U.S. Dist. LEXIS 37214 at * 11 (N.D. cal.

18   Mar. 18, 2013) (finding the plaintiff failed to satisfy the joint action test where the only connection to

19   the government were contracts between municipalities and the waste collection company).  Thus,

20   Plaintiff has not alleged facts demonstrating Defendants satisfy this test.

21                   3.      *The state compulsion test*

22           State action may be demonstrated where a state "exercised coercive power or has provided

23   such significant encouragement, either overt or covert, that the [private actor's] choice must in law be

24   deemed to be that of the State." *Johnson*, 113 F.3d at 1119 (quoting *Blum v. Yaretsky*, 457 U.S. 991,

25   1004 (1982).  Plaintiff has not alleged any states' laws compelled or encouraged Defendants to take

26   the actions Plaintiff alleges.  Accordingly, Plaintiff's allegations are insufficient to satisfy this test.

27                   4.      *The nexus test*

28           The governmental nexus test inquires whether there is a "sufficiently close nexus between the

1    State and the challenged action of the regulated entity so that the action of the latter may be fairly

2    treated as that of the State of itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).

3    Generally, the test requires evidence that the private actor is "entwined with governmental policies, or

4    . . . [the] government is entwined in [the private actor's] management or control." *Brentwood Acad. v.*

5    *Tennessee Secondary Sch. Athletic Assoc.*, 531 U.S. 288, 296 (2001). The Ninth Circuit has identified

6    factors for the Court's consideration to determine whether there is a sufficiently close nexus including:

7    "(1) the organization is mostly state institutions; (2) state officials dominate decision making of the

8    organization; (3) the organization's funds are largely generated by the state institutions; and (4) the

9    organization is acting in lieu of a traditional state actor." *Villegas v. Gilroy Garlic Festival Assoc.*,

10   541 F.3d 950, 955 (9th Cir. 2008).

11          Plaintiff does not include any factual allegations in his complaint addressing the factors

12   identified by the Ninth Circuit. Consequently, Plaintiff fails to allege facts demonstrating there is a

13   significantly close nexus between Defendants and a state government to satisfy this test.

14                  *5.       Conclusion*

15          Because Plaintiff has not alleged facts sufficient to support a determination that Defendants

16   acted under color of state law, he has not state a cognizable claim for a violation of Section 1983.

17   Accordingly, this claim is **DISMISSED**.

18   **B.       Violations of 42 U.S.C. §§ 1985 and 1986**

19          Plaintiff alleges, without explaining, Defendants are liable for a violation of Section 1985,

20   which proscribes conspiracies to interfere with civil rights. A claim of such a conspiracy requires a

21   plaintiff to allege "the existence of an agreement or 'meeting of the minds' to violate constitutional

22   rights." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (citations

23   omitted). In addition, a plaintiff must show an "actual deprivation of constitutional rights." *Hart v.*

24   *Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County*, 866 F.2d 1121,

25   1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details

26   of the plan, but each participant must at least share the common objective of the conspiracy." *United*

27   *Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.3d 1539, 1540-42 (9th Cir. 1989). A conspiracy

28   may be properly alleged when a plaintiff states "which defendants conspired, how they conspired and

how the conspiracy led to a deprivation of his constitutional rights." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997). Moreover, some parts of § 1985 requires a showing of discriminatory animus—which is not detailed in the complaint. Notably, Plaintiff fails to detail under which portion of § 1985 Plaintiff seeks to proceed.

In any event, Plaintiff did not make any factual allegations regarding a conspiracy. The Court will not speculate the manner in which the defendants may have done so. *See Bell Atlantic Corporation. v. Twombly*, 127 S. Ct. 1955, 1965 (a plaintiff must set forth more than labels and conclusions, and include the "grounds of his entitlement to relief") (citation omitted). Therefore, Plaintiff has not stated a cognizable claim for a conspiracy, and his claim for a violation of Section 1985 is **DISMISSED**.

Likewise, Plaintiff has not stated a claim for a failure to prevent a conspiracy under Section 1986, because he has not shown such conspiracy existed. *See Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985"). Accordingly, Plaintiffs claim for a violation of Section 1986 is **DISMISSED**.

## V.      Conclusion and Order

Plaintiff has not alleged facts that demonstrate Defendants are state actors or committed violations of his constitutional rights. Accordingly, Plaintiff complaint fails to state a cognizable claim and it does not appear the Court has subject matter jurisdiction over this action. However, the Court will provide Plaintiff with **one** opportunity to file an amended complaint that sets forth facts sufficient to support his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The amended complaint must reference the docket number of assigned to this case and must be labeled "First Amended Complaint."

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, once Plaintiff files an amended complaint, Plaintiff's original complaint will not serve any function in the case. Finally, Plaintiff is warned that "[a]ll causes of

action alleged in an original complaint which are not alleged in an amended complaint are waived."

*King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981));

*accord. Forsyth*, 114 F.3d at 1474.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.     Plaintiff's motion to proceed in forma pauperis is **GRANTED**;

2.     Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**;

3.     Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file an amended complaint curing the deficiencies identified by the Court in this order; and

4.     If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 10, 2014**                          **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE